No. 63,764

SFELD ENGINEERING, INC., *Appellee,* v. FRANKLIN SUPPLY COM-
PANY, *Defendant,* and MOBIL OIL CORPORATION f/k/a NORTHERN
NATURAL GAS PRODUCING COMPANY, *Appellant.*

(795 P.2d 60)

Opinion filed July 13, 1990.

*Daniel H. Diepenbrock,* of Neubauer, Sharp, McQueen, Dreiling & Mo-
rain, P.A., of Liberal, argued the cause and was on the brief for appellant.

*Greg L. Bauer,* of McPherson, Bauer, Pike & Pike, Chtd., of Great Bend,
argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a civil action where Mobil Oil Corporation
(Mobil) appeals the district court decision granting Sfeld Engi-
neering, Inc., (Sfeld) summary judgment. The district court found
that Sfeld held three valid mechanics' liens for foreclosure on
Mobil's oil and gas leases.

The parties stipulated to the facts: Mobil placed an order with
Franklin Supply Company (Franklin Supply) for three fiberglass

water tanks to be delivered to Mobil's location and unloaded by Franklin Supply. Franklin Supply, in turn, placed an order with Sfeld for the specified water tanks. Sfeld delivered the requested tanks to Mobil lease sites and billed Franklin Supply for each of the tanks. Sfeld shipped and delivered each tank in two parts. At the lease site, Sfeld bolted the parts together, lined the inside with fiberglass and installed fittings as directed by a Mobil representative. After each tank was unloaded and assembled by Sfeld, the tanks were installed and put into operation by an independent contractor, F & O Roustabouts. Each tank was placed in a hole partially below ground and connected by a water line to a well. Mobil paid Franklin Supply for the tanks delivered by Sfeld. Franklin Supply took bankruptcy and has failed or refused to pay Sfeld for the tanks, whereupon Sfeld filed mechanics' liens upon Mobil's oil and gas leases.

The sole issue presented is whether Sfeld is within the statutory classification entitled to assert mechanics' liens on Mobil's oil and gas leases.

K.S.A. 55-207 to 55-210, inclusive, confer special oil and gas mechanics' lien rights not affected by general lien statutes. We have consistently held that mechanics' lien laws are to be strictly construed against a claimant and that their scope is restricted to that clearly granted by the legislature. *Interlake, Inc. v. Kansas Power & Light*, 231 Kan. 251, 253, 644 P.2d 385 (1982).

K.S.A. 55-208 provides:

"**Lien of subcontractor or materialman on gas and oil leasehold or pipe line.** Any person, copartnership or corporation who shall furnish such machinery or supplies to a subcontractor under a contractor, or any person who shall perform such labor under a subcontract with a contractor, or who as an artisan or day laborer in the employ of such contractor, and who shall perform any such labor, may obtain a lien upon said leasehold for oil and gas purposes or any gas pipe line or any oil pipe line from the same tank and in the same manner and to the same extent as the original contractor for the amount due him or her for such labor, as provided by K.S.A. 55-207."

In *Interlake*, we stated:

"K.S.A. 55-208 expressly affords protection to: (1) a legal entity furnishing machinery or supplies to a subcontractor under a contractor; (2) a person performing labor under a subcontract with the contractor; and (3) an artisan or day laborer employed by a contractor. Protection was judicially extended

to a fourth category in *Mountain Iron [& Supply Co. v. Branum*, 200 Kan. 38, 434 P.2d 1015 (1967)]. That fourth category is suppliers of materials to a contractor. It would, after all, be wholly illogical if protection were afforded to a materialman supplying a subcontractor but not to a materialman supplying a contractor. *Mountain Iron* represents basically a judicial correction of a statutory omission rather than an extension of the scope of the statute." 231 Kan. at 254.

Our ultimate inquiry, therefore, is a determination of the legal relationships between the parties. To come under K.S.A. 55-208, we must find Franklin Supply a contractor and Sfeld a subcontractor or materialman in order for Sfeld to hold valid liens on the leases.

*Interlake, Inc. v. Kansas Power & Light*, 231 Kan. 251, is factually similar to the case at hand. In *Interlake*, KP&L ordered materials from Continental Pipe for construction of a pipeline. KP&L directed Continental Pipe to ship the pipe to Plexco for coating. Continental Pipe, in turn, purchased the pipe from Interlake and directed Interlake to ship the pipe to Plexco. J & B Construction constructed the pipeline utilizing KP&L's materials, and when the project was completed KP&L paid Continental Pipe. Continental Pipe, however, was insolvent and failed to pay Interlake for the pipe it had supplied. 231 Kan. at 252.

Interlake alleged it had lien rights on the pipeline property under K.S.A. 55-208 as a supplier of materials to either a subcontractor or contractor. We declined to adopt the broad definition of contractor as "one who contracts" and chose instead to adopt a more limited and specified definition which excludes suppliers of materials from being classed as contractors or subcontractors. 231 Kan. at 253-56.

We determined that Continental Pipe furnished materials to KP&L but did not install or improve the pipe in any way. Thus, Continental Pipe was a materialman and Interlake merely a supplier to a materialman, "a class so far removed from the owner that only the 'plainest expressions of law' must be used to entitle the class to lien protection." 231 Kan. at 256. Upon arriving at this conclusion, we reversed the district court, which held Interlake had a valid lien and was entitled to foreclose on such lien. 231 Kan. at 257.

The Court of Appeals found the present case distinguishable from *Interlake*. Because Sfeld placed fittings on the tanks, the court concluded Sfeld did more than furnish materials, and actually constructed a part of the structure which the contractor, Franklin Supply, agreed to erect. 14 Kan. App. 2d at 85-86. From this rationale, the Court of Appeals concluded Franklin was a contractor and Sfeld a subcontractor entitled to a valid lien under K.S.A. 55-208. 14 Kan. App. 2d at 86. We disagree.

In *Interlake*, we found revealing certain excerpts from 53 Am. Jur. 2d, Mechanics' Liens § 72. The following excerpt is especially pertinent:

" 'Where a distinction is made between a subcontractor and a materialman, a person, to become a subcontractor rather than a materialman must generally do something more than merely furnish materials. It has been declared that he must actually construct with such materials some part of the structure which the contractor has agreed to erect, although this construction, at least in some jurisdictions, need not be at the jobsite. Thus, the rule is laid down that the essential feature which constitutes one a subcontractor rather than a materialman is that in the course of performance of the prime contract he constructs a definite, substantial part of the work of improvement in accord with the plans and specifications of such contract, not that he enters upon the job site and does the construction there.

" 'Accordingly, it is held that one who merely furnishes materials to the owner or a contractor is a materialman, and not a contractor or subcontractor, within the meaning of the mechanic's lien laws . . . .' " 231 Kan. at 256 (quoting 53 Am. Jur. 2d, Mechanics' Liens § 72).

Franklin Supply agreed with Mobil to deliver and unload three fiberglass water tanks. Franklin Supply did not contract to install the tanks or in any way incorporate the tanks into Mobil's operation. The stipulated facts establish that F & O Roustabouts installed and put into operation the assembled tanks. From these facts, we can only conclude that Franklin Supply was a materialman to Mobil, not a contractor.

Sfeld contends it is a subcontractor because it supplied both labor and material to the owner. The Court of Appeals agreed. We reverse.

In *Indiana Limestone Co. v. Cuthbert*, 126 Kan. 262, 266, 267 Pac. 983 (1928), we stated, "[O]ne who takes no part in the construction of a building, but merely furnishes material for use in a building, is not a subcontractor, and if the claimant is em-

ployed to furnish material only, whether fabricated or made ready for use or not, cannot be regarded as a subcontractor."

In *Rebisso v. Frick,* 159 Ohio St. 449, 112 N.E.2d 651 (1953), a subcontractor ordered a concrete septic tank to be delivered to the homeowner's premises. The manufacturer-supplier constructed and delivered the tank in sections. In a hole prepared by the subcontractor, the manufacturer deposited the sections and cemented them together to form a completed tank. The Ohio court found the manufacturer was a materialman rather than a subcontractor. 159 Ohio St. at 451-52.

Finally, we consider the contractor's bond case, *J.W. Thompson Co. v. Welles Products Corp.,* 243 Kan. 503, 510-11, 758 P.2d 738 (1988), where we held a supplier's contractual duty to inspect the installation of component parts purchased from it, to be present at the start-up of operations, and to instruct public works employees on the use of the supplier's gas compressor system did not support a finding that the supplier had become a subcontractor. We found such activities were common in the construction of sophisticated systems and were merely employed as a trouble-shooting device.

Similarly, in the present case Sfeld delivered partially assembled materials to Mobil sites. Sfeld had a duty under its contract with Franklin Supply to deliver the fiberglass tanks of specified measurements to Mobil's lease sites. Sfeld completed the manufacturing process when it bolted the tank parts together, lined them with fiberglass, and installed fittings according to Mobil's directions. This process did not require Sfeld to construct any portion of Mobil's oil and gas well site improvements; rather, Sfeld supplied water tanks to Mobil's leases which were later incorporated into Mobil's operating oil and gas leases by F & O Roustabouts, Mobil's contractor. Additionally, we find that placing a single fitting on each tank, regardless of whether it was done at Mobil's direction, does not constitute substantial work in the construction of an improvement to Mobil's lease. The placing of the fittings by Sfeld merely completed the manufacturing of the tanks at the well site.

We conclude Franklin Supply served as a materialman to Mobil. Sfeld, therefore, served merely as a supplier to a materialman.

K.S.A. 55-208 does not afford lien protection to such a remote class of persons.

The judgments of the district court and the Court of Appeals are reversed.